DIANE J. HUMETEWA
United States Attorney
District of Arizona

PETER SEXTON
Arizona State Bar No. 011089
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 514-7500
peter.sexton@usdoj.gov

STEVEN J. TAVE
Special Assistant United States Attorney
Associate Chief Counsel for Enforcement
Food and Drug Administration
5600 Fishers Lane, Rm. 6-31 (GCF-1)
Rockville, MD 20857
Telephone: (301) 827-0920
steven.tave@fda.hhs.gov

```
             FILED      ____ LODGED
      ____ RECEIVED  ____ COPY

           JUN 0 2 2009

      CLERK U S DISTRICT COURT
        DISTRICT OF ARIZONA
      BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | CR-08-0036-PHX-PGR |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| v. | ) | |
| | ) | Cooperation/Testimony Required |
| Laura C. Gillette, | ) | ~~(Filed Under Seal)~~ |
| Defendant. | ) | |

Plaintiff, United States of America, and defendant, LAURA C. GILLETTE, with the advice and consent of defense counsel, agree to the following disposition of this matter:

## PLEA

Defendant will plead guilty to Count 6 of the Indictment, which charges defendant with introduction of misbranded drugs into interstate commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), a Class E felony offenses. Defendant consents to the forfeiture allegations contained in the Indictment.

**TERMS**

1. **Plea of Co-Defendant Bryan P. Gillette.**

It is a condition of this plea that co-defendant Bryan Gillette must also enter into a plea agreement in this matter. If co-defendant Bryan Gillette refuses to accept or enter into a plea agreement, or moves to withdraw from any plea agreement previously entered into, then the United States will not be bound by either plea agreement for Laura or Bryan Gillette.

2. **Advisory Sentencing Guidelines.**

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence ~~which is consistent with the terms of this Plea Agreement~~ *up to the statutory maximum. P.S.* *DC* *LG*

*If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving either party, in accordance with Rule 11(c)(2)(A), Fed. Crim. P., an opportunity to withdraw from the guilty plea and this agreement. P.S. DC LG*

3. **Maximum Penalties.**

   a. **Count 6:** A Class E felony violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), is punishable by a maximum fine of $250,000.00 or either twice the gross pecuniary gain derived by defendant from the offense or twice the pecuniary loss suffered by another person because of the offense, whichever sum is greater, Title 18, United States Code, Section 3571(b)(3) and (d), a maximum term of imprisonment of three (3) years, a maximum period of supervised release of one (1) year, or all three combined.

   b. According to the advisory Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

   1. Order the defendant to make restitution to the victims of these offenses, as determined under Section 1B1.3 of the advisory Sentencing Guidelines and Title 18, United States Code, Sections 3663 and 3663A unless, pursuant to Title 18, United States Code, Section

3663, and Section 5E1.1 of the advisory Sentencing Guidelines, the Court determines that restitution would not be appropriate in this case;

2. Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code 3572, the Court finds upon consideration of the factors therein and in Section 3552 that a fine is not appropriate;

3. Order the defendant, pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and 2 of the Guidelines, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases.

c. Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on the defendant of $100.00 per count of conviction. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

4. **Cooperation.**

The defendant will cooperate with the United States on the following terms and conditions.

a. Defendant will waive the Fifth Amendment privilege against self-incrimination and will provide information in an interview and testify completely and truthfully at any time and any place requested by the United States, including at any state or federal grand jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, civil and criminal trial, retrial or post-trial hearing.

b. All such information shall be truthful, honest, candid, and complete with no knowing material false statements or omissions. Such information shall include all criminal activity known to the defendant.

  c. Defendant will be available for interviews by attorneys and law enforcement officers from the government upon request and reasonable notice.

  d. Defendant will provide the United States with all documents, records, memoranda and the like, at the request of the United States, within the defendant's custody and control or to which the defendant has access which are related to the subject matter of the investigation or case.

  e. Defendant will neither attempt to protect any person or entity through false information or omissions nor falsely implicate any person or entity.

  f. Defendant will not reveal that defendant is cooperating without prior notice to the United States Attorney's Office.

  g. Defendant agrees to notify the United States Attorney's Office of any contacts with any subjects or targets of the investigation, or their counsel.

  h. In the event the defendant or the defendant's family is harassed, threatened or otherwise subjected to intimidation because of defendant's cooperation, the United States shall in its complete discretion, take appropriate action to protect defendant and the defendant's family.

  i. Nothing in this agreement requires the United States to accept any cooperation or assistance the defendant may choose to proffer. The decision whether and how to use any information and/or cooperation that defendant provides is in the exclusive reasonable discretion of this office.

  j. Defendant will not violate any local, state, federal, tribal or foreign laws.

  k. The defendant shall comply with all terms and conditions of release.

  l. The defendant will also provide all information concerning defendant's assets, and the assets of all co-defendants, if known, for the purpose of restitution.

  m. Defendant shall not knowingly contact any person who has been criminally charged in any forum.

1  n.  Self-incriminating information provided by the defendant during cooperation involving criminal activity for which the defendant has not been or will not be charged pursuant to this agreement will not be used against the defendant and in particular will not be used in determining defendant's advisory guideline range pursuant to Section 1B1.8 of the Sentencing Guidelines.

o.  Nothing shall limit the United States' methods of verifying the truthfulness of defendant's statements. The United States may confirm the accuracy of any information which defendant provides under the terms of this agreement by use of any investigative means which it deems appropriate and necessary. Whether there has been a complete, truthful and candid disclosure by the defendant will be evaluated and decided by the United States Attorney for the District of Arizona and by her alone.

p.  The plea of guilty shall be entered as soon as practicable.

q.  The sentencing on the guilty plea will be deferred, with consent of the court, for a period of six months, and, after such period, upon recommendation of the United States and agreement by this court, may be deferred for additional periods. It is the intention of the parties that sentencing on the instant charges be postponed until such time as defendant's cooperation has been completed.

r.  At the conclusion of defendant's cooperation, pursuant to this Plea Agreement, the United States may, at the time of sentencing, move pursuant to Title 18, United States Code, Section 3553(e), Title 28, United States Code, Section 994(n), and advisory Sentencing Guidelines Section 5K1.1, that the Court depart from the advisory Guidelines to reflect any substantial assistance the defendant may give during this investigation and prosecution. If a non-binding recommendation is made, it will be made according to Sentencing Guidelines Section 5K1.1. Defendant understands that while the Court may take the defendant's cooperation into account in determining the sentence to be imposed, the

Court has complete discretion to impose a sentence within the statutory maximum penalty for the defendant's offense of conviction.

5. **<u>Recommendations Regarding Sentencing</u>**.

    a. If the defendant makes a full and complete disclosure to the Probation Department of the circumstances surrounding defendant's commission of the charged offenses and related conduct, and demonstrates an acceptance of responsibility for defendant's actions by virtue of defendant's conduct up to and including the time of sentencing, the United States will, pursuant to Section 3E1.1 of the advisory Sentencing Guidelines, make a non-binding recommendation to the sentencing Court that the Court reduce by two (2) levels the adjusted offense level applicable to this offense. If the defendant's offense level is a level sixteen (16) or greater, before factoring in any reduction for acceptance of responsibility, the United States will make a non-binding recommendation that the Court reduce by three (3) levels the adjusted offense level applicable to this offense, pursuant to advisory Sentencing Guideline § 3E1.1(b).

    b. Defendant understands that the United States' recommendations are not binding on the Court.

    c. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the Court at the time of sentencing.

6. **<u>Stipulated Agreements and Obligations</u>**.

    a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate that the defendant should be given between three (3) and five (5) years of probation in this matter.

    b. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the amount of loss/restitution shall be determined before sentencing. That amount will be based upon the unjust profits and payments defendant and her husband received from their involvement in this illegal drug

distribution business. Defendant further agrees to forfeit this amount to the government. As stated above, the amount of the forfeiture shall be determined before sentencing and shall be a joint and several obligation of defendant and her husband. The government will ask for the entry of a money judgment in an appropriate amount, based upon the facts, pursuant to the authority of 21 U.S.C. § 853 and 28 U.S.C. § 2461. Defendant further consents to the entry by the Court of a money judgment in the amount so determined, and that the Court can include the amount of the money judgment in the Judgment and Commitment Order and in any Preliminary or Final Orders of Forfeiture. For purposes of calculating the amount of the money judgment:

    1. Defendant will identify all assets and identify the source of income used to obtain those assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this Indictment. Defendant agrees to provide sworn statements and/or to submit to a polygraph examination, as requested, in order to attest to the truthfulness and accuracy of all information provided under this paragraph. Defendant also will testify truthfully in any civil forfeiture proceeding.

    c. Defendant agrees to be responsible for all current and back taxes owed (business and individual), with interest and penalties, for tax liabilities accrued personally or in relation to any business under defendant's name or control. Defendant will cooperate with the IRS in determining the amount of taxes, interest and penalties owed to the United States. This provision is to be complied with before sentencing.

    d. Defendant agrees to waive all right, title, or claim to any evidence or records seized by the FDA Office of Criminal Investigations during the investigation of this matter and expressly consents to the FDA Office of Criminal Investigations's disposition of such evidence and records.

7. **Breach of the Agreement.**

If the defendant fails to comply with any obligation or promise in this Plea Agreement, the United States:

   a.   may, in its sole discretion, declare any provision of this Plea Agreement null and void, and the defendant understands that the defendant will not be permitted to withdraw the plea of guilty made in connection with this Plea Agreement;

   b.   may prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this Plea Agreement;

   c.   may argue for a maximum statutory sentence for the offense to which defendant has pled guilty;

   d.   may use in any prosecution any information, statement, document, or evidence provided by defendant both before and after entering into this Plea Agreement, including derivative evidence;

   e.   may advise the Bureau of Prisons that defendant is no longer a cooperating witness, and recommend redesignation of defendant to a higher custodial level.

If there is a dispute regarding the obligations of the parties under this Plea Agreement, the United States District Court shall determine whether the United States or the defendant has failed to comply with this Plea Agreement, including whether the defendant has been truthful.

8. **Agreement to Dismiss or Not to Prosecute.**

   a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will move to dismiss defendant from the remaining counts in the Indictment at sentencing.

b. The United States agrees not to bring any further federal charges against the defendant arising out of the facts known to the United States at this time, excluding crimes of violence, if any.

c. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

9. **Waiver of Defenses and Appeal Rights.**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

10. **Perjury and Other False Statement Offenses or Other Offenses.**

Nothing in this Plea Agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this Plea Agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this Plea Agreement may be used against the defendant in all such prosecutions.

11. **Reinstitution of Prosecution.**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this Plea Agreement will be automatically reinstated. If that occurs, defendant waives any objections, motions, or

defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant also agrees and understands that any statements made by defendant during cooperation or at the time of the defendant's sentencing may not be used against the defendant in any subsequent hearing, trial, or proceeding, except for impeachment, cross-examination or rebuttal of any witness, including the defendant. All other evidence derived from defendant's cooperation may be used by the United States directly against the defendant in its case-in-chief, for cross examination or rebuttal in any hearing, trial or proceeding.

12. **Disclosure of Information to U.S. Probation Office.**

Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements and response to any questions posed by the Probation Department.

13. **Forfeiture, Civil, and Administrative Proceedings.**

Nothing in this agreement shall be construed to protect the defendant from civil or administrative forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil or administrative forfeiture.

## ELEMENTS AND FACTUAL BASIS

The defendant understands that if the case were to proceed to trial, the government would be required to prove the following elements and facts beyond a reasonable doubt before the defendant could be found guilty of the offenses to which the defendant is pleading guilty:

I understand that the essential elements of **Causing the Introduction of Misbranded Drugs into Interstate Commerce (Count 6)**, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), are as follows:

(1) During the time frame set forth in the Indictment, defendant, with the intent to defraud or mislead;

(2) Introduced or delivered for introduction into interstate commerce or caused to be introduced or delivered for introduction into interstate commerce;

(3) Misbranded drugs.

I further agree that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt:

### COUNT 6

**(Causing the Introduction of Misbranded Drugs into Interstate Commerce)**

On or about March 17, 2003, in the District of Arizona and elsewhere, defendant Laura Gillette, and others, with the intent to defraud and mislead, introduced and delivered for introduction into interstate commerce, or caused to be introduced or delivered into interstate commerce, the prescription drug Vinarol, which drug was misbranded in one or more of the following ways:

    a. within the meaning of Title 21, United States Code, Section 352(a), in that its labeling was false or misleading in any particular;

    b. within the meaning of Title 21, United States Code, Section 352(e), in that the label did not bear the established name and quantity of each active ingredient;

    c. within the meaning of Title 21, United States Code, Section 352(o), in that it was manufactured, prepared, or processed in an establishment not duly registered under Title 21, United States Code, Section 360; and

    d. within the meaning of Title 21, United States Code, Section 353(b)(4), in that its label did not bear the symbol "Rx only."

On or about March 17, 2003, defendant and others caused to be sent from Phoenix, Arizona to Elk Grove Village, Illinois, two hundred (200) cases of Vinarol, one hundred

(100) of which contained twelve two-tablet boxes of Vinarol and one hundred (100) of which contained twelve seven-tablet boxes of Vinarol, which contained the active ingredient and prescription drug sildenafil citrate.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 352 (a), 352(e), 352(o), and 353(b)(4), and Title 18, United States Code, Section 2.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire Plea Agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this Plea Agreement.

I have been advised by my attorney of the nature and elements of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984.

I understand that the Guideline range discussed with my attorney or the prosecution is not binding on the Court and is merely my attorney's or the United States's estimates.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this Plea Agreement. I agree to the provisions of this Plea Agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written Plea Agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the applicable guideline range, which are not contained within this written Plea Agreement, are without force and effect and are null and void.

I am extremely satisfied that my defense attorney has represented me in a very competent manner. I am fully capable of understanding the terms and conditions of this Plea Agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this Plea Agreement.

5/27/09
Date

Laura C. Gillette
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the Plea Agreement with my client, in detail, and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature and elements of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this Plea Agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

06/02/2009
Date

David Eisenberg
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

6/2/09
Date

Peter Sexton
Steven Tave
Assistant U.S. Attorneys

**COURT'S ACCEPTANCE**

_____                    _____
Date                                      Paul G. Rosenblatt
                                          United States District Judge